**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 2:26-cr-04797-SMD

SEBASTIAN GARCIA-SAPIEN,

Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART**
**UNITED STATES' OMNIBUS MOTION IN LIMINE**

THIS MATTER is before the Court on the United States' Omnibus Motion in Limine, filed November 4, 2026. Doc. 33. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

The government seeks to exclude the following categories of evidence and arguments: (1) allegations of government misconduct; (2) pretrial rulings; (3) plea negotiations; (4) offers to stipulate; (5) information known only to Defendant; (6) defense exhibits not previously supplied to counsel for the government; (7) Defendant's health; (8) possible consequences of sentencing; (9) jury nullification; (10) improper character evidence; (11) equally available witnesses; and (12) Defendant's out-of-court statements.

**1. Allegations of Government Misconduct**

Citing Federal Rules of Evidence 401, 402, and 403, the government moves to preclude the defense from introducing any evidence, making statements, or asking questions before the jury regarding allegations of government misconduct or constitutional violations, absent actual evidence of misconduct by the government. Doc. 33 at 1. The government also seeks to preclude any other issues raised by Defendant in pretrial motions. *Id.* The government's request contains

no specific allegations of misconduct. Defendant opposes this request, arguing that: (1) the defense is not required to possess "actual evidence of misconduct" before asking a question or referring to a matter at trial; and (2) the request is too vague. *See* Doc. 37 at 2.

The request is **DENIED** without prejudice. The defense is free to cross-examine agents about the timing of the creation of their reports and other matters consistent with proper impeachment of a specific witness. However, if counsel wishes to raise any issue beyond proper impeachment and approaching the allegation of "misconduct," counsel will approach the bench before doing so.

**2. Pretrial Rulings**

Citing Rule 401, Rule 402, and Rule 403, the government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding the contents of, or rulings on, any pretrial motions filed by either the defense or the government. Doc. 33 at 2. Defendant opposes this request, or, in the alternative, requests that an order be issued that applies equally to both sides. Doc. 37 at 5.

The Court **GRANTS** the request. The parties shall not reference the contents of or rulings on pretrial motions filed by either party. However, this restriction does not preclude either party from presenting otherwise admissible evidence simply because the underlying facts were the subject of a pretrial motion.

**3. Plea Negotiations**

Citing Rule 410, the government seeks to preclude the defense from introducing any evidence, making statements, or asking questions before the jury regarding the occurrence and/or substance of any plea negotiations. Doc. 33 at 2. The government contends that such matters are

not proper concerns for the jury. Defendant does not oppose this request but believes it is unnecessary as no negotiations have taken place. Doc. 37 at 6.

The Court **GRANTS** this request. The restriction applies equally to all parties.

**4. Offers to Stipulate**

Citing Rules 401, 402, and 403, and *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (holding United States is entitled to prove its case as it sees fit), the government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding Defendant volunteering, offering, or agreeing to stipulate to certain facts, unless approved by the Court. Doc. 33 at 2. Defendant objects to this request, arguing it is premature because the government has not identified any specific proposed stipulation. Doc. 37 at 6. Defendant notes that he does not currently intend to reference any offers to stipulate before the jury and will bring any such issue to the Court's attention before raising it. *Id.*

Absent additional information, the request is **DENIED** without prejudice. Counsel may object as necessary and, if appropriate, request to approach the bench.

**5. Information Known Only to Defendant**

The government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding information or facts that could only be brought to light through the sworn testimony of Defendant, unless defense counsel informs the Court that Defendant will testify. Doc. 33 at 2–3. Defendant objects to this request as premature. Doc. 37 at 6–7. Defendant also notes that the government's request is conditioned on the defense informing the Court that Defendant will testify, and that he is not required to make or announce his decision at this stage. *See id.* at 7.

The Court **DENIES** the request as unripe to the extent it seeks to categorically exclude information only known to Defendant. In opening statements, counsel may reference and summarize evidence that they, in good faith, believe will be presented at trial, including information about which Defendant may testify. However, the request is **GRANTED IN PART** to the extent counsel may not reference the anticipated testimony of Defendant during *voir dire*. *See United States v. Clay*, No. CR 22-1841 KG, 2023 WL 3073441, at *2 (D.N.M. Apr. 25, 2023).

**6. Defense Exhibits**

Citing Federal Rule of Criminal Procedure 16, the government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding defense exhibits that have not been previously disclosed to the government. Doc. 33 at 3. Defendant does not object to this request, provided the government is similarly precluded from mentioning, eliciting, or implying the contents of any exhibit that has not been disclosed to the defense. Doc. 37 at 7.

The Court **GRANTS** the request. This restriction applies equally to all parties, and the Court reminds the parties of their reciprocal discovery obligations.

**7. Defendant's Health**

The government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding Defendant's mental or physical health, including, without limitation, past or current diseases, traumas, attacks, and medical and psychological conditions. Doc. 33 at 3.

Defendant objects to this request as premature, arguing that the government has not identified any health issue it expects Defendant to raise and offers no rationale for exclusion. Doc. 37 at 7–8. Defendant notes that his health could become relevant at trial, including if the

government opens the door to it or as part of the circumstances in which his statement was taken. *Id.* at 8.

The Court **DENIES** the request to categorically exclude information of Defendant's health as unripe. However, the parties must request a bench conference before referencing or introducing any evidence concerning Defendant's health.

**8. Possible Consequences of Sentencing**

The government seeks to preclude the defense from mentioning the possible consequences Defendant faces if convicted of the charges in the indictment. Doc. 33 at 3. Defendant objects to the request as unnecessary and a waste of judicial resources. Doc. 37 at 8. In the alternative, Defendant requests that the same prohibition apply to the government. *Id.*

The Court **GRANTS** this request. The restriction applies equally to all parties. The jury's role is to determine guilt or innocence, not to engage in sentencing. *See United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35 (1975)).

**9. Jury Nullification**

The government seeks to preclude the defense from suggesting, encouraging, or inviting jury nullification. Doc. 33 at 4–6. The defense opposes the request as unnecessary, arguing that it is not tied to any identified evidence and "could sweep in evidence relevant to the elements, to credibility, or to the circumstances of [Defendant's] statement." Doc. 37 at 8–9.

The request is **GRANTED IN PART** with respect to the specific arguments identified in the motion. Counsel may not reference the harshness of laws governing immigration offenses or argue that Defendant's personal circumstances warrant disregard of the severity of the crime. However, the Court agrees that granting the request in its entirety could sweep in evidence relevant to the elements, witness credibility, or the circumstances of Defendant's statement. Accordingly,

if a party attempts to offer evidence or argument at trial that the opposing party believes is intended to induce jury nullification, counsel may object as necessary and request to approach the bench.

**10. Improper Character Evidence**

Citing Rule 404, the government seeks to preclude the defense from introducing evidence of Defendant's general good character or specific instances of good conduct. Doc. 33 at 6. The government acknowledges, however, that "a defendant's character for law-abidingness is always 'pertinent.'" *See id.* at 6 (citing *United States v. Yarbrough*, 527 F.3d 1093, 1101 (10th Cir. 2008)). The defense opposes this request as premature and argues that it also sweeps in background facts—such as employment, family circumstances, and the events surrounding the conduct charged—that are offered for context, not to prove propensity. Doc. 37 at 9–10.

The Court **DENIES** the request as unripe. If either party attempts to introduce improper character evidence at trial, counsel may object as necessary and request to approach the bench.

**11. Equally Available Witnesses**

The government seeks to preclude the defense from referring to the government's failure to call any particular witness who is equally available to both parties. Doc. 33 at 7. Defendant opposes this request as premature, noting that the question of whether any witness is peculiarly available to the government has not been decided. Doc. 37 at 10.

The Court **DENIES** the request as unripe.

**12. Defendant's Out-of-Court Statements**

Finally, citing Rule 801, the government seeks to preclude the defense from offering Defendant's out-of-court statements. Doc. 33 at 8–9. The government argues that Rule 106 provides that the defendant may introduce portions of his own statements only if necessary to correct a misleading implication or place other admitted statements in context. *Id.* at 8. The

government does not identify any specific out-of-court statements it believes the defense intends to offer.

Defendant responds that the government ignores the 2023 amendment to Rule 106, which extended the rule to "all statements, including oral statements that have not been recorded," and that even prior to the 2023 amendment, a hearsay objection would not have precluded Defendant from using a completing statement when necessary to provide context for a statement already admitted. Doc. 37 at 11–12. Defendant further argues that the request is premature, as any completing statements under Rule 106 depend on the out-of-court statements offered by the government in its case. *Id.* at 13.

The Court **DENIES** the request as unripe.

**CONCLUSION**

WHEREFORE, the Court **GRANTS** the motion regarding the following: pretrial rulings; plea negotiations; exhibits not previously supplied to counsel; possible consequences of sentencing.

The Court **GRANTS IN PART** and **DENIES IN PART** the motion regarding the following: information known only to Defendant; jury nullification.

The Court **DENIES** the motion without prejudice regarding the following: allegations of government misconduct; offers to stipulate; Defendant's health; improper character evidence; equally available witnesses; Defendant's out-of-court statements.



**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**