**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 2:26-cr-04797-SMD

SEBASTIAN GARCIA-SAPIEN,

Defendant.

**ORDER**

THIS MATTER is before the Court on Defendant's Omnibus Motion in Limine, filed November 4, 2026. Doc. 34. For the reasons set forth below, the Court GRANTS the request to order a written *James* proffer and a pretrial *James* hearing; and DENIES the request to exclude the government's exhibits as untimely. The Court reserves ruling on the admissibility of any co-conspirator statements and evidence of the transported individuals' immigration status, and finds the remaining requests moot as set forth below.

**BACKGROUND**

This case concerns conspiracy conduct alleged to have occurred between July 1 and July 14, 2026. On July 14, 2026, Cesar Alfredo Ruiz-Avalos was arrested while driving a 2013 Ford Fusion registered to Defendant Sebastian Garcia-Sapien. The Complaint alleges that earlier that day, Defendant met Ruiz-Avalos at work, where Ruiz Avalos picked up Defendant's vehicle. *See* Doc. 1 at 2–3. The Complaint further alleges "numerous calls between [Defendant] and [Ruiz-Avalos]" on the same date, and that one week prior to the July 14 events, Ruiz-Avalos "sent a phone ping of a desolate area commonly used by smugglers to pick up [illegal aliens]." *Id.* at 2. After Border Patrol agents arrested Ruiz-Avalos, Defendant went to the Deming Border Patrol Station to pick up his vehicle. The Complaint alleges that Defendant then provided a post-Miranda

statement in which he stated that Ruiz-Avalos offered to pay him to use his vehicle to transport five illegal aliens. *Id.*

Defendant was arrested on August 18, 2026. On August 25, 2026, Defendant challenged the Complaint and the government's evidence at the preliminary hearing. On September 16, 2026, the Grand Jury returned an Indictment charging Defendant with conspiracy to transport an undocumented alien under 8 U.S.C. § 1324(a)(1)(A)(v)(I). On September 28, 2026, the Court entered its Discovery Order. Doc. 26. The Discovery Order required the United States to "provide to the Defendant's attorney without motion the discovery to which the Defendant is entitled pursuant to Rules 16(a)(1)(A), (B), (C), (D), (E), and (F)" within 14 days. *Id.* The government made an initial production of approximately 25 pages, including the Complaint, the arrest warrant, a Form I-213, a booking photo, a criminal history showing no prior record, a Form I-214 rights waiver, a Form I-44 arrest report, a report of Ruiz-Avalos' July 14 arrest, a memorandum of Defendant's July 21 statement, and a DHS fugitive report. *See* Doc. 34 at 3.

On October 13, 2026, defense counsel sent the government a demand letter for several categories of discovery, including Defendant's statements and related records; discovery on Cesar Alfredo Ruiz-Avalos, Jesus Manuel Valenzuela, Defendant's vehicle, and the transported persons; phone evidence; and exculpatory and impeachment materials. *See* Doc. 34-1. On October 14, 2026, at the call of the calendar and after the initial discovery deadline expired, the government stated that it needed additional time to collect discovery, particularly relating to other involved individuals who were not charged in this case. The Court entered a Scheduling Order providing for an additional two weeks for discovery. Doc. 29. The Court advised the parties that the discovery due by October 28 included everything that was in the government's possession, whether in the possession of its attorneys, the litigation support group, or its agents.

On October 27, 2026, the government provided an additional 232 pages of discovery, including agent interview notes, the consent form and search report for Defendant's phone, the consent form and search report for Ruiz-Avalos' phone, information regarding a July 6, 2026 stop of Defendant, and information regarding a new alleged co-conspirator and additional unidentified participants. Doc. 34 at 5–6; *see* Doc. 38 at 1.

On November 4, 2026, Defendant filed his Omnibus Motion in Limine seeking to exclude the materials provided to defense counsel October 27 as untimely; the post-arrest statements of Ruiz-Avalos, Navarrete-Lara, and Valenzuela as hearsay; any undisclosed expert testimony; and evidence of the transported persons' immigration status; and asking the Court to order a written *James* proffer and pretrial *James* hearing. *See* Doc. 34. The defense also identified several remaining items from its October 13 demand letter that had not been produced or confirmed not to exist. *Id.* at 6. The government responded that it sent discovery to the defense one day prior to the October 28 deadline set in the Court's Scheduling Order. *See* Doc. 38 at 1. The government also represented that it did not anticipate introducing any co-conspirator statements or the post-arrest statements of Ruiz-Avalos, Navarrete-Lara, or Valenzuela. *Id.*

On November 10, 2026, the government filed its exhibit list, identifying screenshots of a cellphone number, screenshots of Ruiz-Avalos' phone, a screenshot of Ruiz-Avalos' phone log, Defendant's driver's license, photos of a black Volkswagen Jetta, photos of Ruiz-Avalos standing next to a white Ford Fusion, and Defendant's signed Miranda waiver. *See* Doc. 43. On the same day, the government filed its witness list, which did not include any alleged co-conspirators. *See* Doc. 44. At the November 12, 2026 Pretrial Conference, the government again stated that it did not intend to introduce any expert testimony, call any alleged co-conspirators as witnesses, or introduce their post-arrest statements, rendering those portions of Defendant's motion moot. The

parties advised the Court that the government provided an additional five pages of reports to the defense on October 28, and that no additional discovery was produced after the deadline.

## I. October 27–28, 2026 Discovery

Defendant argues that the October 27, 2026 disclosures were untimely, particularly as to the materials that were in the government's possession before the initial Discovery Order deadline, and that the delay prejudiced the defense. The government argues that the disclosures were timely under the October 14 Scheduling Order, and the appropriate remedy for any delay is a continuance rather than exclusion.

The Court finds that the government violated the September 28, 2026 Discovery Order. The October 27 disclosures contained materials that were in the government's possession prior to the filing of this case, and that the defense would have been entitled to under the September 28 Discovery Order.[1] However, based on the later filed exhibit and witness lists, and counsel's representations at the Pretrial Conference, the government does not intend to offer several categories of discovery provided to the defense on October 27 and 28, and Defendant withdraws his objections and pending discovery requests.

Finding the request to categorically exclude the October 27 disclosures moot, the Court turns to the evidence that the government intends to offer at trial. Government Exhibits 1–7 were not disclosed until after the Discovery Order deadline. When the government fails to comply with a discovery order, the factors the district court should consider in determining if a sanction is appropriate are the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith; the extent of prejudice to the defendant as a

[1] For example, Defendant would have been entitled to agents' notes of his statement, reports relating to the search of his phone, and records relating to his July 6 encounter with Border Patrol.

result of the government's delay; and the feasibility of curing the prejudice with a continuance. *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). Courts should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order. *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999). A continuance is preferred, but in some circumstances, evidence that did not comply with discovery orders may be suppressed to maintain the integrity and schedule of the court. *See United States v. Russell*, 109 F.3d 1503, 1512 (10th Cir. 1997).

Exclusion is ordinarily only appropriate where a party acts in bad faith or lacks any legitimate reason for a delay, but the Tenth Circuit has also held that negligence alone can justify excluding evidence. *United States v. Yepa*, 608 F. App'x 672, 677 (10th Cir. 2015). Government Exhibits 2–4 appear to be photos of Ruiz-Avalos' phone that were taken near the time of his arrest in July 2026. Government Exhibits 6 and 7 appear to be photos taken during Border Patrol's July 6, 2026 encounter with Defendant and the July 14 arrest of Ruiz-Avalos. These materials were in the government's possession well before the initial Discovery Order deadline—indeed before the filing of this case or Defendant's arrest—and the government has not sufficiently explained why they were not disclosed for another two weeks. As the Court noted at the Pretrial Conference, this case is not the only instance of the government failing to turn over discovery materials in its possession by the discovery deadline or providing a small initial disclosure followed by a much larger disclosure closer to trial.[2]

To support a finding of prejudice, the court must determine that the delay impacted the defense's ability to prepare or present its case. *United States v. Golyansky*, 291 F.3d 1245, 1250

---

[2] *See, e.g.*, Order Denying Government's Motion to Extend, No. 2:26-cr-04798-MIS (D.N.M. Nov. 6, 2026), ECF No. 53; Order Granting in Part Defendants' Motion to Exclude, *United States v. Herrera*, No. 2:26-cr-03416-MIS (D.N.M. Sep. 22, 2026), ECF No. 64; Order Granting in Part Defendant's Motion to Exclude, *United States v. Ramirez Chavez*, No. 2:26-cr-01848-MIS (D.N.M. June 18, 2026), ECF No. 50.

(10th Cir. 2002). Trial in this case is set for 61 days from the Indictment. The defense received most of the additional discovery 20 days before trial, including the exhibits the government intends to offer at trial, and no evidence was disclosed after the October 28 deadline. While later disclosure generally makes it more difficult for the defense to prepare its case, the Court does not find that Defendant was prejudiced by receiving the materials almost three weeks before trial. The Court therefore declines to exclude the government's exhibits solely on the basis of untimely disclosure.

## II. Co-Conspirator Statements

While the Court does not find that the government's exhibits should be excluded for violating the Discovery Order, Defendant also challenges the photos of Ruiz-Avalos' phone on hearsay grounds. The government does not intend to call Ruiz-Avalos to testify but argues that a shared location or pin is not a statement and even if the photos contained statements, the statements would fall under Federal Rule of Evidence 801(d)(2)(E). The Court reserves ruling and orders the parties to submit any additional authority or briefing on whether the screenshots contain statements, and if so, whether those statements either are not hearsay or fall within an exception to hearsay; and conditionally grants Defendant's request for a written *James* proffer and a pretrial *James* hearing.

## III. Immigration Status of Transported Persons

Defendant moves to exclude evidence of the immigration status of the six transported individuals, arguing that the contested issue is whether Defendant agreed to help transport aliens and that their actual status is irrelevant. The Court reserves ruling and orders the parties to submit any additional authority or briefing regarding the relevance and admissibility of the six individuals' immigration status.

## CONCLUSION

For the foregoing reasons, the Court conditionally **GRANTS** the request for a written *James* proffer and a pretrial *James* hearing; **DENIES** the request to exclude the government's exhibits as untimely; and reserves ruling on the admissibility of any remaining co-conspirator statements and evidence of the transported individuals' immigration status.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**